UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO.: _____

| | |
|---|---|
| David DeJarlais, on behalf of himself and all others similarly situated,<br><br>　　　　　Plaintiff,<br>v.<br><br>Amsher Collection Services, Inc.,<br><br>　　　　　Defendant. | **CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA").

## JURISDICTION

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331, and pursuant to 15 U.S.C. §1692k(d).

## PARTIES

3. Plaintiff David DeJarlais is a natural person who resides in the City of Vadnais Heights, County of Ramsey, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

4. Defendant Amsher Collection Services, Inc. (hereinafter "Defendant Amsher"), is a foreign corporation conducting business in the state of Minnesota from an address of 600 Beacon Parkway West, Suite 300, Birmingham, Alabama, and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

## FACTUAL ALLEGATIONS

5. Sometime prior to July 2009, Plaintiff allegedly incurred a "consumer debt," as that term is defined by 15 U.S.C. § 1692a(5), with Chase Manhattan Bank.

6. Upon information and belief, the alleged debt was subsequently transferred or assigned to Defendant Amsher for collection.

7. In or about June 2009, Defendant sent Plaintiff a collection letter in a window-style envelope, so that Defendant's full and complete name "AMSHER COLLECTION SERVICES INC" was prominently displayed as the sender of the letter, in violation of 15 U.S.C. § 1692f(8). (*See* attached Exhibit 1.)

8. In or about July 2009, Defendant sent Plaintiff another collection letter in the same window-style envelope, so that Defendant's full and complete name "AMSHER COLLECTION SERVICES INC" was prominently displayed as the sender of the letter, in violation of 15 U.S.C. § 1692f(8). (*See* attached Exhibit 2.)

9. The wording displayed through the window-style envelopes that clearly identified the contents therein as collection-related caused Plaintiff to suffer embarrassment and humiliation.

## CLASS ALLEGATIONS

10. This action is brought on behalf of the following individuals:

    a. A class consisting of (i) all persons/consumers with an address in the state of Minnesota (ii) to whom letters were sent in the envelopes in the form of Exhibits 1 and 2 (iii) were sent in an attempt to collect a debt incurred for personal, family, or household purposes (iv) which were not returned undelivered by the U.S. Post Office (v) during the one year period prior to the filing of the complaint in this action.

11. The class is so numerous that joinder of all members is impractical. Upon information and belief, Defendant has unlawfully sent letters and envelopes similar to <u>Exhibits 1 and 2</u> in excess of 100 consumers in Minnesota.

12. There are questions of law and fact, common to the class, which predominated over any questions affecting only individual class members. The principle question is whether Defendant's conduct in sending <u>Exhibits 1 and 2</u> to consumers, violates the FDCPA.

13. There are no individual questions, other than the identification of class members.

14. Plaintiff will fairly and adequately protect the interest of the class. Plaintiff is committed to vigorously litigating this matter. Plaintiff has retained counsel experienced in handling class actions and consumer claims. Neither Plaintiff nor his counsel has any interests, which might cause her not to vigorously pursue this claim.

15. Plaintiff's claims are typical of the claims of the class, which all arise from the same operative facts and based on the same legal theories.

16. A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

17. Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

   a) The questions of law or fact common to the members of the class predominate over any questions affecting an individual member.
   b) A class action is a superior to other available methods for the fair and efficient adjudication of this controversy.

18. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is appropriate in that Defendant has acted on grounds generally applicable to the class thereby making appropriate declaratory relief with respect to the class as a whole.

## TRIAL BY JURY

19. Plaintiff is entitled to and hereby demands a trial by jury. US Const. amend. 7. Fed. R. Civ. Pro. 38.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT – 15 U.S.C. §1692 ET SEQ.

20. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21. The foregoing acts of Defendant violate the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §1692 et seq.

22. As a result of said violations Plaintiff is entitled to actual and statutory damages of up to $1,000.00 and the class is entitled to statutory damages up to $500,000 or 1% of the net worth of Defendant, whichever is less, from Defendant, as well as costs and reasonable attorneys' fees.   15 U.S.C. §1692k(a)(2)(B) and §1692k(a)(3).

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays that this Court enter the following Judgment, in Plaintiff's favor:

- for declaratory judgment that Defendant's practice of sending letters and envelopes in the form of Exhibits 1 and 2 violates the Fair Debt Collection Practices Act;
- Certification of this action as a class action;
- for an award of statutory damages to the class in the form of $500,000 or 1% of the net worth of Defendant, whichever is less, for violations of the FDCPA pursuant to 15 U.S.C. §1692k(a)(2)(B), against Defendant;
- for an award of costs, expenses, and reasonable attorney fees under the FDCPA pursuant to 15 U.S.C. §1692(a)(3); and
- for such other and further relief as may be just and proper.

Dated this 19th day of August, 2009.

By: s/Thomas J. Lyons Jr._____
**CONSUMER JUSTICE CENTER, P.A.**
Thomas J. Lyons, Jr., Esq.
Attorney I.D. #0249646
Trista M. Roy, Esq.
Attorney I.D. #0387737
367 Commerce Court
Vadnais Heights, MN  55127
Telephone:  (651) 770-9707
Facsimile:  (651) 704-0907
tommycjc@aol.com

**Attorneys for Plaintiff**

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

STATE OF MINNESOTA           )
                             ) ss
COUNTY OF RAMSEY             )

     I, David DeJarlais, having first been duly sworn and upon oath, deposes and says as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

                                                    s/David DeJarlais_____
                                                    David DeJarlais

Subscribed and sworn to before me
this 5th day of August, 2009.


s/Trista M. Roy_____
Notary Public